| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:23-CR-62 |
| § | |
| JONATHAN LEE EDWARDS § | |

## MEMORANDUM AND ORDER

Pending before the court is Jonathan Lee Edwards's ("Edwards") Motion for Emergency Injunction (#39), in which he requests the court to order the Federal Bureau of Prisons ("BOP") to transfer him to FCI Marianna, located in Marianna, Florida. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.  Background

On June 7, 2023, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a single-count Indictment against Edwards, charging him with distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). On October 5, 2023, Edwards pleaded guilty to the offense charged in the Indictment. Subsequently, on October 15, 2024, the court sentenced Edwards to 262 months' imprisonment, to be followed by 10 years of supervised released. Notably, pursuant to Edwards's request at the sentencing hearing, the court included a recommendation that he serve his term of imprisonment at FCI Marianna, if eligible, as part of the Judgment. Edwards is currently housed at FCI Beaumont Low.

II.  Analysis

With regard to Edwards's request that the court order the BOP to transfer him to FCI Marianna, "a decision to designate a facility as a place of federal detention, pursuant to 18 U.S.C. § 3621(b), is 'plainly and unmistakably within the BOP's [Bureau of Prisons] discretion and [the

court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Peagler v. Reese*, No. 5:07-CV-166, 2010 WL 1409854, at *1 (S.D. Miss. Apr. 2, 2010) (quoting *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)); *accord United States v. Sikes*, No. 4:12-CR-211, 2021 WL 1090751, at *1 (E.D. Tex. Mar. 22, 2021) ("Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration."); *Vega v. Bergami*, No. EP-20-CV-127-DCG, 2020 WL 3686141, at *5 (W.D. Tex. July 6, 2020); *Pass v. Mosley*, No. 3:15CV664 CWR-LRA, 2017 WL 6806658, at *3 (S.D. Miss. Nov. 8, 2017), *adopted by* No. 3:15-CV-664-CWR-LRA, 2018 WL 283856 (S.D. Miss. Jan. 3, 2018). Indeed, "[t]he [BOP] has the sole authority to designate a prisoner's place of incarceration." *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) (citing *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)); *United States v. Johnson*, No. 3:01-CR-167 HTW-LGI, 2021 WL 3713457, at *8 (S.D. Miss. Aug. 20, 2021) ("Once a sentence is imposed, BOP is clearly solely responsible for determining an inmate's place of incarceration."); *see* 18 U.S.C. 3621(b). "The [BOP] is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences." *Voda*, 994 F.2d at 152. The governing statute further provides that "[t]he Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. 3621(b). The statute also states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.*; *United States v. Ford*, No. 04-CR-60 (JCH), 2009 WL 3059129, at *1 (D. Conn. Sept. 21, 2009) (holding that the court must deny a motion to transfer BOP facilities because it is beyond the

purview of the court). Hence, the court is without authority to designate Edwards's place of confinement and order his transfer to another facility.

At sentencing, a court may make a non-binding recommendation to the BOP regarding where a defendant should be imprisoned. *See Tapia v. United States*, 564 U.S. 319, 330 (2011) (recognizing that when a court sentences a federal offender, it can recommend that the BOP place the offender in a particular facility or program); *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008) (while nothing prevents the sentencing judge from making recommendations to the BOP, the determination of the commencement date and the designation of the place at which the sentence is to be served remains with the BOP); *Voda*, 994 F.2d at 151 (holding that although a court may recommend that a sentence imposed under § 3621 may be served in a particular prison or jail, "only the [BOP] has the actual authority to designate the place of incarceration"); *United States v. Chavez-Garcia*, No. 1:11-cr-00041-DCN-6, 2020 WL 1557414, at *1 (D. Idaho Mar. 31, 2020) (noting that judicial recommendations may and are routinely used to designate a placement within the custody of the BOP); *see also* 18 U.S.C. § 3621(b)(4). Nevertheless, "a district court's recommendation to the [BOP] is just that—a recommendation. It is not part of the sentence imposed by the district court." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011). Thus, although the court recommended that Edwards serve his term of imprisonment at FCI Marianna, (#37), the BOP retains the ultimate authority to designate Edwards's place of confinement. Further, the court notes that it finds the BOP's decision to place Edwards in a Communications Management Unit ("CMU") appropriate because he used a prohibited object, a cellular telephone, to send child pornography to a third party outside the prison while serving a sentence in FCI Beaumont Low for a prior federal offense—specifically, Distribution of Child

Pornography and Attempted Sexual Exploitation of Children. The BOP understandably has a need to "manage" Edwards's communications.

III.     Conclusion

Accordingly, Edwards's Motion for Emergency Injunction (#39) is DENIED.

SIGNED at Beaumont, Texas, this 30th day of October, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE